UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                        Case No. 05-30204 - WRS
                                                                             Chapter 7
CLAUDIA Y. F. FITZPATRICK

    Debtor.


ROBERT LEE SMITH,

    Plaintiff,                                                               Adv. Pro. No. 05-3030 - WRS

v.

CLAUDIA Y. F. FITZPATRICK

    Defendant.


## MEMORANDUM DECISION

This Adversary Proceeding came before the Court for trial on January 31, 2006[1].

Plaintiff Robert Lee Smith ("Mr. Smith"), proceeded on a pro se basis, and Defendant Claudia Y.

F. Fitzpatrick ("Mrs. Fitzpatrick")[2], was present by counsel Mark A. Cavanaugh. The Court

heard evidence and took the matter under submission. For the reasons set forth below, the Court

---

[1] Mr. Smith's Complaint lists four counts which assert varying contentions. Count I alleges that Mrs. Fitzpatrick participated with her husband in a scheme to present receipts as evidence of advance payments made on the rent; Count II alleges that Mrs. Fitzpatrick caused damage to the premises, over and above the normal wear and tear, by allowing an animal to live on the said premises; Count III alleges that Mrs. Fitzpatrick refused to allow Plaintiff to inspect the premises; and Count IV asserts a claim for attorney's fees. As the Court explains *infra*, considering these allegations with the testimony put forth at trial, a finding of nondischargeability pursuant to either § 523(a)(2)(A) or § 523(a)(6) cannot be sustained.

[2] Mrs. Fitzpatrick filed a petition in bankruptcy in this Court pursuant to Chapter 7 of the Bankruptcy Code on January 25, 2005. (Case No. 05-30204, Doc. 1).

finds that any indebtedness[3] owed by Defendant Mrs. Fitzpatrick to Plaintiff Mr. Smith, is not excepted from discharge (i.e., the debt is discharged)[4].

## I. FACTS

At trial Mr. Smith presented wide ranging testimony and argument relating to certain events which occurred during the landlord-tenant relationship between himself as landlord and the Fitzpatricks.[5] However, because the Court's focus here is much narrower, the Court will recite the history of this relationship only to the extent it is relevant to the Plaintiff's nondischargeability complaint pursuant to 11 U.S.C. § 523(a)(2)(A)[6]. In March of 2002, Mr. and Mrs. Fitzpatrick leased a residence from Mr. Smith located at 964 Excelsior Drive, Montgomery, Alabama 36117. (Pl.'s Ex. 1). Eventually, the parties ended up multiple times in Circuit Court, Montgomery County. (Pl.'s Ex. 4). The specific procedural history of the underlying state court proceedings are not germane to the instant § 523(a)(2)(A) determination. Mr. Smith initiated an

---

[3] Plaintiff Mr. Smith is suing Defendant Mrs. Fitzpatrick for a total of $141,000.00. Mr. Smith asserts that this amount reflects a litany of injuries caused by loss of income from the subject property, loss of other assets, and loss of reputation, damages over and above the normal wear and tear that occurred during the occupancy of the premises, and as a result of not being allowed to inspect the premises. (Doc. 1).

[4] The Court makes no determination as to a finding of actual indebtedness owed by Mrs. Fitzpatrick, nor does the Court make any determination as to the amount owed, however to the extent that such indebtedness exist, it is discharged.

[5] At all times relevant to this proceeding Defendant Claudia Y.F. Fitzpatrick was married to Michael D. Fitzpatrick.

[6] While Mr. Smith mentions § 523(a), he does not specifically state that he is traveling under § 523(a)(2)(A). However, a review of the allegations of false representations plead in the complaint and upon hearing the testimony and evidence presented at trial, it is apparent that Smith has sought to proceed under § 523(a)(2)(A). (Doc. 1). The Court notes that Count II of the complaint alleges that Mrs. Fitzpatrick "cause[d] or allowed the premises to be damage[d] over and above the normal wear and tear that occurs during the occupancy of the premises by allowing an animal to live in and damage the said premises." To the extent this allegation is an attempt to assert a claim pursuant to § 523(a)(6), the Court finds such claim unsustainable as there was no evidence to support a finding of "willful and malicious injury by the debtor to another entity or the property of another entity." 11 U.S.C. § 523(a)(6).

2

eviction action against the Fitzpatricks on November 6, 2003 for nonpayment of rent. (Pl.'s Ex. 2). At the hearing on that action, which took place on December 4, 2003, the issue centered on rent receipts which Mr. Fitzpatrick represented were advance payments on the rent during the months of March, April, and May, 2003. Mr. Smith asserts that Mrs. Fitzpatrick was present at that hearing and stood silent while her husband represented to the circuit court that they had made advance payments, knowing that was a false representation. It is this allegation which forms the basis of Mr. Smith's § 523(a)(2)(A) claim against Mrs. Fitzpatrick. The Court notes that from the initial hearing which took place on December 4, 2003, to September, 2004, several hearings occurred at the circuit court level involving the rent receipt issue, which became interwoven with Mr. Smith's attempts to evict the Fitzpatricks. The December 4, 2003 hearing was the only hearing in which Mrs. Fitzpatrick appeared. Ultimately, a final hearing on this matter, a District Court appeal taken by the Fitzpatricks, was heard on September 7, 2004 before Circuit Court Judge Truman M. Hobbs, Jr. (Pl.'s Ex. 4). By way of an Order dated September 10, 2004, disposition on this matter was entered in favor of Mr. Smith. (Pl's Ex. 5).

## II. CONCLUSIONS OF LAW

### A. Jurisdiction

The Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1334(b). Further, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

### B. 11 U.S.C. § 523(a)(2)(A)

Section 523(a)(2)(A), of Title 11 of the United States Code provides, in part, as follows:
> (a) A discharge under section 727 ... does not discharge an individual debtor from any debt-
>
> (2) for money, property, services ... to the extent obtained, by -
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting a debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

To prevail on a fraud claim, the plaintiff must prove, with a preponderance of the evidence, the following elements:

(1) The debtor made a false representation of a past or current material fact;

(2) With the intent to deceive the creditor;

(3) The creditor justifiably relied upon the representation;

(4) The creditor sustained loss as a proximate result of the representation.


St. Laurent v. Ambrose (In re: St. Laurent), 991 F.2d 672, 676 (11th Cir. 1993); Capps v. Houston (In re: Capps), 193 B.R. 955, 959 (Bankr. N.D. Ala. 1995); Checkcare Systems v. Alexander (In re: Alexander), 212 B.R. 993, 996 (Bankr. M.D. Ala. 1997); Lycan v. Walters, 904 F.Supp. 884, 897 (S.D. Ind. 1995); McMullen v. Klaiman (In re: Klaiman), 202 B.R. 813, 816 (Bankr. D. Conn. 1996). See also Field v. Mans, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) (holding that "justifiable reliance" was the appropriate standard rather than the more stringent "reasonable reliance" standard); Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (preponderance of the evidence is the proper standard for proceedings under Section 523). In accordance with protecting the fresh start policy embodied within the Bankruptcy Code, exceptions to discharge are to be construed narrowly. See Scweig v. Hunter

(In re: Hunter), 780 F.2d 1577, 1579 (11th Cir. 1986), *abrogated by*, Grogan v. Garner, 498 U.S. 279 (setting forth the applicable standard of proof as preponderance of the evidence rather than clear and convincing). Meyer v. Riddon, 36 F.3d 1375, 1385 (7th Cir. 1994); National Union Fire Insurance Co. of Pittsburgh (In re: Bonnanzio), 91 F.3d 296, 300 (2nd Cir. 1996). Also, the creditor in a nondischargeability proceeding carries the burden of proving that the debt should be excepted from discharge. Fed. R. Bankr. P. 4005; see Check Control, Inc., v. Anderson (In re: Anderson), 181 B.R. 943, 949 (Bankr. D. Minn. 1995).

In the instant case, it is Mr. Smith's contention that Mrs. Fitzpatrick appeared at the December 4, 2003 eviction hearing and stood silent while her husband misrepresented to the circuit court that certain receipts constituted advance rent payments. "[T]he law has not generally held parties liable for fraudulent misrepresentations simply because one party did not completely disclose information to the other, even if the other party would have deemed such information material." Trizna & Lepri v. Malcolm, 145 B.R. 259, 262 (Bankr. N.D. Ill. 1992)(citation omitted); see In re: Hunter, 780 F.2d 1577, 1580. At the very least, it appears that in order for Mrs. Fitzpatrick's silence to be actionable within the context of § 523(a)(2)(A), there would need to be the existence of an independent duty to disclose. Trizna & Lepri v. Malcolm, 145 B.R. 259, 263. However, there are a variety of problems with this theory. First, the Court cannot identify any independent duty which Mrs. Fitzpatrick would have been under to disclose information regarding the rent receipts. Second, it was contended by Mrs. Fitzpatrick at trial that she was not knowledgeable about the payment of rent or the issuing of receipts, as she stated that her husband was the one who primarily engaged in such interaction with Mr. Smith. In light of this testimony, assuming that Mr. Fitzpatrick's statements at the eviction hearing were

5

false, it cannot be said that Mrs. Fitzpatrick had a duty to correct information she had no knowledge of.

There are other hurdles that Mr. Smith has failed to overcome in an attempt to make a § 523(a)(2)(A) claim. "It is the duty of the creditor seeking to establish non-dischargeability to show essentially that the debtor acted with intent to deceive the creditor and that the creditor relied to his detriment upon the assertions by the debtor." Barclays American/Business Credit, Inc. (In re: Long), 44 B.R. 300, 308 (Bankr. D. Minn.1983). In the instant case, the evidence presented at trial does not support a finding of the requisite intent to deceive. "[N]o false representation or fraud is shown where the party making the representations, or failing to make them, did not think they were false." Id. Furthermore, Mr. Smith failed to establish the necessary element of reliance. The reality of the situation was that Mr. Smith was in the process of evicting the Fitzpatricks, an intense effort which began in November, 2003 and lasted until September, 2004. While Mr. Smith has alleged that he has sustained a substantial amount of damages as a result of this entire ordeal involving the rent receipt issue, he has not shown that he actually relied upon any failure to disclose on the part of Mrs. Fitzpatrick . In fact, Mr. Smith's claim that Mr. Fitzpatrick misrepresented to the circuit court that the rent receipts were actually advance payments, flatly contradicts any assertion that he relied upon any misrepresentations or omissions made by the Fitzpatricks.

### III.  CONCLUSION

For the aforementioned reasons, Mr. Smith's claim pursuant to § 523(a)(2)(A) is not sustainable. Mr. Smith has failed on a number of the elements required to prove his non-

dischargeability case.  <u>AT & T Universal Card Services Corp.v. Reynolds (In re: Dawson)</u>, 221 B.R. 828, 834 Bankr. N.D. Ala. 1998)("[f]ailure to prove any one of the five elements is fatal to the creditor's nondischargeability case").  Furthermore, the evidence and testimony presented at trial does not support a finding of nondischargeability under § 523(a)(6).  Accordingly, the Court finds that any indebtedness owed by Defendant Mrs. Fitzpatrick to Plaintiff Mr. Smith, is not excepted from discharge (i.e., the debt is discharged).  The Court will enter judgment by way of a separate document.

Done this 9th day of February, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Robert Lee Smith, Plaintiff
   Mark A. Cavanaugh, Attorney for Defendant